Oscar E. BAAN and Evelyn K. Baan, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 24621.

United States Court of Appeals, Ninth Circuit.

Dec. 22, 1971.

Harry R. Horrow (argued), Stephen J. Martin, Pillsbury, Madison & Sutro, San Francisco, Cal., for petitioners-appellants.

William L. Goldwin (argued), Lee A. Jackson, Gilbert E. Andrews, Dept. of Justice, Johnnie M. Walters, Asst. Atty. Gen., Tax Division, K. Martin Worthy, Chief Counsel, IRS, Washington, D. C., for respondent-appellee.

Before HAMLEY, MERRILL and ELY, Circuit Judges.

PER CURIAM:

These proceedings for the redetermination of a deficiency in the 1961 income tax of Oscar E. and Evelyn K. Baan, involve the tax treatment to be accorded a gain realized by the taxpayers in exercising their stock rights to acquire Pacific Northwest Bell Telephone Company (Northwest) stock. The availability of Northwest stock resulted from the spin-off, to Northwest, of Pacific Telephone and Telegraph Company's (Pacific's) business in Washington, Oregon and Idaho.

Before the Tax Court, taxpayers advanced alternative theories for the position that the realized gain was not taxable, one theory based upon section 355, and the other upon section 354, of the Internal Revenue Code of 1954 (Code), 26 U.S.C. §§ 355 and 354. As a third alternative in the event its arguments based upon sections 355 and 354 were rejected, taxpayers urged that, under section 346 of the Code, 26 U.S.C. § 346, the gain in question was entitled to at least capital gains treatment.

The Tax Court held for taxpayers on the basis of their section 355 argument, and did not reach taxpayers' other theories. 45 T.C. 71 (1965). We reversed. C.I.R. v. Baan, 382 F.2d 485 (9th Cir. 1967). The Supreme Court affirmed our decision *sub nom.* C.I.R. v. Gordon, 391 U.S. 83, 88 S.Ct. 1517, 20 L.Ed.2d 448 (1968). The cause was then remanded to the Tax Court to pass upon the taxpayers' alternative contentions not theretofore adjudicated.

In the remanded proceedings the Tax Court held for the Commissioner on both of the alternative contentions. 51 T.C. 1032 (1969). This appeal followed. In a parallel appeal taken from the same Tax Court decision to the United States Court of Appeals for the Second Circuit, that court affirmed the Tax Court ruling. Gordon v. C.I.R., 424 F.2d 378 (2d Cir. 1970).

We agree with the reasoning of the Second Circuit in *Gordon,* and therefore

Affirm.